BUSH BUILDING COMPANY, Appellant,

v.

CITY OF BARBOURVILLE, KENTUCKY, Appellee.

No. 13581.

United States Court of Appeals
Sixth Circuit.

April 17, 1959.

Carmack Cochran, Howard F. Butler, Nashville, Tenn., James Park, Lexington, Ky., for appellant.

Luker & Luker, London, Ky., Earl S. Wilson, Louisville, Ky., of counsel, Bullitt, Dawson & Tarrant, Louisville, Ky., for appellee.

Before MARTIN, Chief Judge, ALLEN, Circuit Judge, and MATHES, District Judge.

## PER CURIAM.

This is an appeal from a judgment of the District Court dismissing the complaint and substituted complaint as amended, filed by a contractor against the City of Barbourville, Kentucky, alleging that an extensive system of sewers and other improvements had been completed by the contractor in accordance with a contract with the city and praying for judgment for the balance claimed to be due.

The final approval and acceptance of the work was alleged to have been given in accordance with the contract by the resident engineer and the consulting engineer.

The contract provided that the engineer, among other powers and responsibilities, should "in all cases, decide every question which may arise relative to the fulfillment of this contract on the part of the Contractor. In so doing to prevent disputes and litigation, he shall render fair and impartial decisions, and such decisions shall be binding upon the parties hereto."

The city asserted, and the court found, that there were numerous defects in the construction of the sewers, the most serious of which was substantial infiltration of water and sand into the sewer pipes caused by defective joints and other improper laying of the pipes. The city insisted that the sewers should not be approved by the engineer until fair tests of excessive infiltration should be made, but the resident engineer and the consulting engineer proceeded to make the certificates of approval.

In a concise and lucid opinion the District Court held that this action by the engineers amounted to favoritism, lack of impartiality and good faith. The record shows that the court's holding that the conclusion "seems to be inescapable that the certificates in reference to the completion of the sewer lines relied upon by the Contractor were made in violation of the Contract provision requiring that such decisions shall be fair and impartial" [155 F.Supp. 403] is strongly supported by the record.

While all questions have been considered, we deem it unnecessary further to discuss the details of this extended controversy. The judgment is affirmed upon the grounds and for the reasons set forth in the findings and opinion of the District Court.